| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Capitol Station 65, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 68-0451801 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **c/o First Capital** **2355 Gold Meadow Way, Ste. 160** **Gold River, CA 95670-4443** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Sacramento** County | **Location of principal assets, if different from principal place of business** **Sacramento, CA** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | Capitol Station 65, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   5313

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See Attachment** | | Relationship | |
|---|---|---|---|---|
| District | | When | | Case number, if known |

| Debtor | **Capitol Station 65, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- ☐ No
- ☐ Yes.  Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ■ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | Capitol Station 65, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 26, 2017**
MM / DD / YYYY

**X /s/ Suneet Singal**                                **Suneet Singal**
Signature of authorized representative of debtor        Printed name

Title **CEO**

**18. Signature of attorney**

**X /s/ Gregory C. Nuti**                              Date **May 26, 2017**
Signature of attorney for debtor                        MM / DD / YYYY

**Gregory C. Nuti**
Printed name

**Nuti Hart LLP**
Firm name

**411 30th Street**
**Suite 408**
**Oakland, CA 94609-3311**
Number, Street, City, State & ZIP Code

Contact phone **510-506-7153**     Email address **gnuti@nutihart.com**

**151754**
Bar number and State

Debtor  **Capitol Station 65, LLC**
Name

Case number (*if known*) _____

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Capitol Station Holdings, LLC** | | Relationship to you | | **Indirect Parent** |
| District | **USBC, Eastern District of CA (concurrently filed)** | When | Case number, if known | | |
| Debtor | **Capitol Station Member, LLC** | | Relationship to you | | **Direct Parent** |
| District | **USBC, Eastern District of CA (concurrently filed)** | When | Case number, if known | | |
| Debtor | **Township Nine Owners, LLC** | | Relationship to you | | **Ultimate Owner/Parent** |
| District | **USBC, Eastern District of CA (concurrently filed)** | When | Case number, if known | | |

# WRITTEN CONSENT OF
# THE SOLE MEMBER AND MANAGER OF
# CAPITOL STATION 65, LLC

The undersigned, being the sole Member and Manager of Capitol Station 65, LLC, a California limited liability company (the "Company"), acting by written consent without a meeting in accordance with Section 17704.07 of the California Revised Uniform Limited Liability Company Act (the "Act"), does hereby consent to the adoption of the following resolutions:

WHEREAS, the undersigned deems it desirable and in the best interests of the Company to appoint certain persons to serve as officers of the Company;

NOW, THEREFORE, BE IT RESOLVED, that Suneet Singal be and hereby is appointed to the offices of Chief Executive Officer and Secretary of the Company, to serve as such at the pleasure of the Manager, and to hold such offices until the appointment of his successor(s) or until his earlier resignation or removal;

RESOLVED FURTHER, that the Chief Executive Officer and the Secretary of the Company (each such person, an "Authorized Officer") be, and each of them hereby is, authorized and empowered to execute and deliver contracts, instruments, and other documents in the name and on behalf of the Company, and to take or cause to be taken such actions, as such Authorized Officers may deem necessary or desirable in order to carry out the business purposes of the Company;

RESOLVED FURTHER, subject only to the limitations and restrictions set forth in the Act, the Chief Executive Officer shall have the sole and exclusive right to manage the business and affairs of the Company for an on behalf of the Manager, and shall have all of the rights and powers which may be possessed by Managers under the Act;

RESOLVED FURTHER, that all incumbent officers of the Company, if any, not named in the forgoing resolutions are hereby removed;

RESOLVED FURTHER, that the authority given hereunder shall be deemed retroactive and any and all acts authorized hereunder performed prior to the execution of this Written Consent are hereby ratified and affirmed.

**[SIGNATURES TO APPEAR ON FOLLOWING PAGE]**

**IN WITNESS WHEREOF**, the undersigned, being the sole Member and Manager of Capitol Station 65, LLC, a California limited liability company, has duly executed this Written Consent as of May 15, 2017.

**SOLE MEMBER AND MANAGER OF:**

CAPITOL STATION 65, LLC
a California limited liability company

By: Capitol Station Member, LLC
    a Delaware limited liability company
    its Manager

    By: Capitol Station Holdings, LLC
        a California limited liability company
        its Manager

        By: Township Nine Owner, LLC
            a Delaware limited liability company
            its Managing Member

            By: First Capital Real Estate Operating Partnership, LP
                a Delaware limited partnership
                its General Partner

                By: First Capital Real Estate Trust Incorporated
                    a Maryland corporation
                    its General Partner

                    By: _____
                    Name: Suneet Singal
                    Title: Chairman and CEO

1482850.1

# UNANIMOUS WRITTEN CONSENT
# OF
# THE BOARD OF MANAGERS
# OF
# TOWNSHIP NINE OWNER, LLC
# IN LIEU OF A MEETING

The undersigned, being the Manager Group Representatives of two (2) Manager Groups that constitute all of the members of the Board of Managers (the "Board") of TOWNSHIP NINE OWNER, LLC, a Delaware limited liability company (the "Company"), acting by written consent without a meeting pursuant to Section 18-404 of the Delaware Limited Liability Company Act (the "Act"), do hereby consent to the adoption of the following resolutions:

## Authorization of Bankruptcy Filing by the Company and its Subsidiaries

WHEREAS, the Board consists of two (2) Manager Groups, one designated by FCRE OP (the "FCRE Manager Group") and one designated by the T-9 Developer Member (the "Developer Member Group"); and

WHEREAS, the undersigned have been designated as the Manager Group Representatives of the FCRE Manager Group and the Developer Member Group, respectively, to cast votes on behalf of each Manager Groups, pursuant to Sections 6.1 and 6.3 of the Limited Liability Company Agreement of the Company;

WHEREAS, the Board has reviewed the Company's financial position and operating prospects and continuing obligations for the immediate future, and have concluded that the Company is unable to pay its debts as they arise and that it would be in the best interest of the Company and its subsidiaries to reorganize.

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Company and its subsidiaries, and their respective creditors and other parties in interest, that a petition be filed by the Company and its subsidiaries seeking relief under the provisions of the Bankruptcy Code.

NOW THEREFOR BE IT RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company and its subsidiaries, and their respective creditors and other parties in interest, that the Company and its subsidiaries file or cause to be filed a voluntary petition for relief under the provisions of chapter 7 or 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of California at such time as any officer of the Company executing such petition(s) shall determine; and

RESOLVED FURTHER, that the Chief Executive Officer, the Secretary, or any other officer of the Company as may be designated by the Board (each such person, an "Authorized Officer" and collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them individually hereby are, authorized and empowered to execute and file on behalf of the Company and its subsidiaries all petitions, schedules, lists,

1482929.2

motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain relief under the Bankruptcy Code, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefore and to obtain any debtor in possession financing, and to take any and all further acts and deeds that they deem necessary, proper, and desirable in connection with the bankruptcy case, with a view to the successful prosecution of such case; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Nuti Hart LLP of Oakland, California, as legal counsel to represent and assist the Company and its subsidiaries in the bankruptcy case and in related matters on such terms and conditions as any Authorized Officer shall approve, subject to Bankruptcy Court approval, and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the bankruptcy case and cause to be filed an appropriate application for authority to retain the services of Nuti Hart LLP; and

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the bankruptcy case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

### Appointment of Certain Officers

BE IT FURTHER RESOLVED, that Suneet Singal be and hereby is appointed to the offices of Chief Executive Officer and Secretary of the Company, to serve as such at the pleasure of the Board, and to hold such offices until the appointment of his successor(s) or until his earlier resignation or removal; and

RESOLVED FURTHER, that all incumbent officers of the Company, if any, not named in the forgoing resolutions are hereby removed.

### General Resoltions

BE IT FURTHER RESOLVED, that any and all actions previously taken or to be taken by the officers of the Company, or any of them, with respect to and in contemplation of, the actions authorized by any of the foregoing resolutions, are hereby authorized, approved, ratified and confirmed; and

RESOLVED FURTHER, that the Authorized Officers be, and each of them individually hereby is, authorized and directed to do and perform or cause to be done and performed all such acts, deeds and things, and to make, execute and deliver, or cause to be made,

executed and delivered, all such agreements, undertakings, documents, instruments or certificates in the name of the Company and its subsidiaries, and to retain such counsel, agents and advisors and to incur and pay such expenses, fees and taxes as shall, in the opinion of the Authorized Officers of the Company executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate or carry out fully the purpose and interest of all of the foregoing resolutions; and that any and all such actions heretofore or hereafter taken by the Authorized Officers relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed, approved and ratified in all respects as the act and deed of the Company and its subsidiaries; and

RESOLVED FURTHER, that an executed copy of this Unanimous Written Consent shall be filed with the minutes of the proceedings of the Board; and

RESOLVED FURTHER, that this Unanimous Written Consent may be signed in two or more counterparts, each of which shall be an original, and all of which shall be deemed one instrument.

IN WITNESS WHEREOF, the undersigned Manager Group Representatives have duly executed this Unanimous Written Consent as of May 16, 2017.

FCRE MANAGER GROUP REPRESENTATIVE:

By: First Capital Real Estate Operating Partnership, L.P.
a Delaware limited partnership
its General Partner

By: First Capital Real Estate Trust Incorporated
a Maryland corporation
its General Partner

By: _____
Name: Suneet Singal
Title: Chairman and CEO

DEVELOPER MEMBER GROUP REPRESENTATIVE:

By: _____
Name: Steve M. Frondalin
Title: [Authorized Person]

3

1482929.2

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Capitol Station 65, LLC** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 26, 2017**

X **/s/ Suneet Singal**
Signature of individual signing on behalf of debtor

**Suneet Singal**
Printed name

**CEO**
Position or relationship to debtor

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Capitol Station 65, LLC |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Armour Steel Company, LLC c/o CMD Services, Inc. 1800 Vernon Street, Unit 2 Roseville, CA 95678 | | Trade | | | | $16,266.00 |
| Balance Staffing 2800 N Cherryland Ave Stockton, CA 95215 | | Trade | | | | $47,453.65 |
| Best Pool Service 9773 Penny Hill Place Elk Grove, CA 95624 | | Trade | | | | $17,100.00 |
| Bright View Landscape Services Inc. PO Box 57515 Los Angeles, CA 90074-7515 | | Trade | | | | $15,280.00 |
| Capitol Utility Specialists Inc. 1989 Sheffield Dr. El Dorado Hills, CA 95762 | | Trade | | | | $3,782.26 |
| City of Sacramento Dept. of Utilities PO Box 2770 Sacramento, CA 95812-2770 | | Utility | | | | $2,193.42 |
| Comstock's Publishing, Inc. 2335 American River Dr., Ste. 301 Sacramento, CA 95825 | | Trade | | | | $2,500.00 |

Debtor **Capitol Station 65, LLC**     Case number *(if known)*
       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **DCM Group**<br>333 University Ave. Suit<br>Sacramento, CA 95825 | | **Professional Services** | | | | $11,758.05 |
| **Geocon Consultants Inc.**<br>6960 Flanders Dr.<br>San Diego, CA 92121-2974 | | **Professional Services** | | | | $6,977.50 |
| **Greenfield Communications**<br>34112 Street of the Violet Lantern, #C<br>Dana Point, CA 92629 | | **Trade** | | | | $180,000.00 |
| **Inman-Thomas LLP**<br>400 Capitol Mall, #2640<br>Sacramento, CA 95814 | | **Professional Services** | | | | $6,267.50 |
| **Jacobs Engineering Group Inc.**<br>c/o Bank of America<br>800 Market St., Box 18713F<br>Saint Louis, MO 63150-8713 | | **Trade** | | | | $46,036.75 |
| **Law Offices of Richard H. Hyde**<br>102 Breckenwood Way<br>Sacramento, CA 95864 | | **Professional Services** | | | | $9,400.00 |
| **LPAS Architecture + Design**<br>2480 Natomas Park Dr., #100<br>Sacramento, CA 95833 | | **Professional Services** | | | | $22,316.84 |
| **Lund Construction Co.**<br>5302 Roseville Rd.<br>North Highlands, CA 95660 | | **Trade** | | | | $300,796.64 |
| **Nehemiah Community Reinvestment Fund**<br>640 Bercut Dr., Ste. A<br>Sacramento, CA 95811 | | **Money Advance** | **Contingent Unliquidated Disputed** | | | $1,117,000.00 |

Filed 05/30/17    Case Number: 2017-23627    Case 17-23627    Filed: 5/30/2017 2:39:06 PM    Doc 1

| Debtor | **Capitol Station 65, LLC** | | Case number *(if known)* | | |
|---|---|---|---|---|---|
| | Name | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **NV5 Inc.**<br>**PO Box 93243**<br>**Las Vegas, NV**<br>**89193-3243** | | **Trade** | | | | **$87,987.98** |
| **Project Mgmt. Applications Inc.**<br>**1450 Harbor Blvd. Suite**<br>**West Sacramento, CA 95691** | | **Trade** | | | | **$25,283.08** |
| **Scott & Sons Weed Control**<br>**PO Box 276205**<br>**Sacramento, CA 95827** | | **Trade** | | | | **$5,325.00** |
| **SMUD**<br>**PO Box 15555**<br>**Sacramento, CA 95852** | | **Utility** | | | | **$6,092.75** |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Eastern District of California

In re **Capitol Station 65, LLC**  
　　　　　　　　　　　　　　　Debtor(s)

Case No.  
Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **81,868.00** |
   | Prior to the filing of this statement I have received | $ **81,868.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ☐ Debtor    ■ Other (specify): **Central Valley Mini-Storage LLC on behalf of First Capital Real Estate Operating Partnership,LP.N/H received a Flat Fee of $75,000 plus four(4) filing fees for the 4 related cases for all pre-bankruptcy meetings,analysis,strategy,research,due diligence,preparation of all petitions,schedules & SOFAs.**

3. The source of compensation to be paid to me is:

   ☐ Debtor    ■ Other (specify): **Central Valley Mini-Storage LLC**

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   　**Negotiations regarding chapter 11 plan of reorginization and related proceedings.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   　**n/a**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May 26, 2017** | **/s/ Gregory C. Nuti** |
| *Date* | **Gregory C. Nuti 151754** |
| | *Signature of Attorney* |
| | **Nuti Hart LLP** |
| | **411 30th Street** |
| | **Suite 408** |
| | **Oakland, CA 94609-3311** |
| | **510-506-7153** |
| | *Name of law firm* |

---

# United States Bankruptcy Court
### Eastern District of California

In re  **Capitol Station 65, LLC**                                                     Case No.
                                        Debtor(s)                                      Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Capitol Station Holdings, LLC**<br>c/o First Capital<br>2355 Gold Meadow Way<br>Ste. 160<br>Gold River, CA 95670 | | | **Intermediate parent company** |
| **Capitol Station Member, LLC**<br>c/o First Capital<br>2355 Gold Meadow Way<br>Ste. 160<br>Gold River, CA 95670 | | 100% | **Membership Interest** |
| **Township Nine Owners, LLC**<br>c/o First Capital<br>2355 Gold Meadow Way, Ste. 160<br>Gold River, CA 95670 | | | **Ultimate parent company** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **CEO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **May 26, 2017**                                            Signature  **/s/ Suneet Singal**
                                                                              **Suneet Singal**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.